[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12081
Pending before the court is the defendant Douglas DeDominicis's motion for suspension of prosecution and order of treatment. The state accuses the defendant of multiple offenses arising from an alleged alcohol-related motor vehicle accident involving serious injuries.[1]
The following facts are averred to in the arrest warrant application. On May a, 1997, at approximately 10:30 p. m., the Torrington Police Department responded to a two car accident at the intersection of Norfolk Road, Route 272 and Marshall Lake Road in Torrington, Connecticut. Through witnesses' statements and physical evidence at the scene, the accident investigators determined that the defendant's vehicle was traveling south on Norfolk Road and the victims' vehicle was traveling north on Norfolk Road. The defendant's vehicle crossed the double yellow line and was traveling south with the entire vehicle in the northbound lane of Norfolk Road when it struck the victims' vehicle head on. The defendant was transported to the Charlotte Hungerford Hospital for treatment of facial lacerations and possible head and neck injuries.
The victims' vehicle was operated by Myrian Prego who suffered multiple bruises and contusions over her entire body, a fractured sternum and possible bruises to her heart due to the accident. Jose Pregrego was a passenger in the victims' car at the time of the accident and sustained injuries to his head, face, eye and multiple bruises and contusions. Guilhermer Prego was also a passenger in the victims' car and sustained numerous serious injuries including, but not limited to, a mid-shaft femur fracture of the right leg which was fractured through completely; a fracture of the right knee, left arm, and left foot; and injuries to his head, left eye, back and legs.
Witnesses reported that the defendant was the operator and sole occupant of the vehicle that was traveling on the wrong side of the road. Moreover, a paramedic who provided medical attention to the defendant at the scene and also rode with him to the hospital told the police that he smelled a strong odor of intoxicating alcoholic beverage on or about the defendant's person and breath.
On May 16, 1997, pursuant to a search and seizure warrant for the defendant's medical blood work reports for treatment on May CT Page 12082 8, 1997 at Chartlotte Hungerford Hospital, the police learned that the results of a blood ethyl alcohol level test taken at 11:46 p. m. were .317 BAC, which is over three times the legal limit in Connecticut.
The court received the defendant's CADC examination report dated September 9, 1997. According to the report the evaluator determined, based on the defendant's self-report, that the defendant had an extensive history of alcohol dependence. The court held a hearing on the defendant's motion for suspension of prosecution, pursuant to General Statutes § 17a-695, on October 8, 1997.[2] The court was urged by the defendant to allow him to enter treatment for alcohol dependency. The prosecution opposed the defendant's motion on the ground that he was not an offender whose crime should be waived under General Statutes § 17a-696.
General Statutes § 17a-696 is entitled, "Order for suspension of prosecution and treatment for alcohol or drug dependency." Section 17a-696 (a) provides:
The provisions of this section shall not apply to any person charged with the violation of section 14-227a or 53a-60d or with a class A, B or C felony or to any person who was previously ordered treated under this section, subsection (i) of section 17-155y, section 19a-386 or section 21a-284 of the general statutes revised to 1989. The court may waive the ineligibility provisions of this subsection for any person. Section 17a-696 (b) further provides, in pertinent part:
The court may order suspension of prosecution and order treatment for alcohol or drug dependency . . . if it, after considering information before it concerning the alcohol or drug dependency of the person, including the examination report made pursuant to the provisions of section 17a-694, finds that (i) the accused person was an alcohol-dependent or drug-dependent person at the time of the crime, (2) the person presently needs and is likely to benefit from treatment . . . and (3) suspension of prosecution will advance the interests of justice.
"The legislature [has] afforded the trial court greater discretion in recommending and ordering substance abuse treatment." State v. Guckian, 226 Conn. 191, 200, 605 A.2d 874
(1993). While the legislature has given the courts greater discretion, it is also apparent that the legislature intended CT Page 12083 that such discretion was reserved largely for less serious cases. See id., 200-01.
In the present case the defendant is charged with a violation of § 14-227a, as well as three counts of § 53a-60d. The court, after carefully evaluating the alleged facts concerning the crimes charged, the defendant's personal history, positions of the parties and the entire record of the proceeding, finds that the waiver of the ineligibility provision of § 17a-696
(a) is not appropriate in this case. Accordingly, the defendant's motion for suspension of prosecution and order of treatment under § 17a-696 is denied.
BY THE COURT
PETER EMMETT WIESE JUDGE, SUPERIOR COURT